IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELAINA LYNN HUYETT** | : |
| | : |
| **Plaintiff,** | : |
| | : Civil Action |
| v. | : |
| | : 11-cv-7228 |
| **CAROLN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,** | : |
| | : |
| **Defendants.** | : |

## MEMORANDUM

**STENGEL, J.**                                                                                    July 24, 2014

As the successful party in a Social Security appeal, Elaina Huyett, plaintiff, filed this motion seeking $16,334.92 in attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA). I will grant the motion upon a finding that the Commissioner's position was not substantially justified, but I will reduce the award to $13,166.61.

## I.   BACKGROUND

Ms. Huyett filed an application for Social Security Disability Insurance Benefits (DIB) on February 19, 2008. She claims that she is unable to work due to degenerative disc disease, status post lumbar surgery, chronic back pain and redicular leg pain. Social Security denied Ms. Huyett's DIB application on May 16, 2008, and she requested a hearing before an Administrative Law Judge. Thereafter, an ALJ conducted three hearings to consider Ms. Huyett's application. He ultimately denied the application on March 23, 2010. Ms. Huyett then filed this complaint which I referred to Magistrate Judge Henry Perkin. Judge Perkin issued a report on May 22, 2013 recommending that I

remand the case for further proceedings. The Commissioner did not file objections and I adopted the report and recommendation by order dated June 11, 2013. Plaintiff now files this motion for fees and costs pursuant to the EAJA.

## II.   STANDARD OF REVIEW

The EAJA provides that a court may award costs and reasonable attorneys' fees to a prevailing plaintiff in a civil action brought against the United States or any of its agencies upon a finding that the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The burden of proving substantial justification rests with the government. Washington v. Heckler, 756 F.2d 959, 960 (3d Cir.1986). "The government's burden is a strong one and is not met merely because the government adduces 'some evidence' in support of its position." Edge v. Schweiker, 814 F.2d 125, 128 (3d Cir. 1987).

A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government's position consists of both its pre-litigation agency position and its litigation position." Williams v. Astrue, 600 F.3d 299, 302 (3rd Cir.2009). "In order to meet its burden, 'the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" Morgan v. Perry, 142 F.3d 670, 684 (3d Cir.1998) (citing Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir.1993). "When the government's legal position clearly offends established

precedent, however, its position cannot be said to be 'substantially justified.'" Washington, 756 F.2d at 962.

In making this determination, I am mindful that "the EAJA is not a 'loser pays' statute. [A] court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Morgan, 142 F.3d at 685. Rather, I must "make a single global determination 'from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation.'" Jones v. Astrue, CIV.A. 10–4194, 2012 WL 2849273, at *5 (E.D.Pa. July 11, 2012) (quoting Williams, 600 F.3d at 302).

### III. DISCUSSION

#### A. Substantial Justification

Contrary to clearly established precedent, the ALJ failed to explain why he rejected competent evidence supporting Ms. Huyett's claim. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008). First, the ALJ failed to discuss medical evidence of scar tissue present in Ms. Huyett's body. Second, the ALJ ignored vocational expert Michael Feder's conclusion that Ms. Huyett could only work for four hours on day two of a work week. Accordingly, the Commissioner's opposition to Ms. Huyett's appeal was not substantially justified.

The ALJ was required to discuss evidence of scar tissue, because the ALJ put the existence of scar tissue at issue. While the ALJ need not cite to irrelevant evidence, the ALJ must explain his or her reasoning for rejecting pertinent or probative evidence. Id. The Commissioner ignores the fact that the ALJ stated on the record that the presence of

3

scar tissue would support Ms. Huyett's claim.  *See* Report and Recommendation at 11.  Nonetheless, the ALJ completely failed to address two reports submitted by Dr. David Allen and Dr. Stamatios Psarros detailing the existence of scar tissue at L5-S1.  Dr. Allen's and Dr. Psarros's reports were uncontroverted.  Considering the significance the ALJ placed on scar tissue, there is no justification for his failure to at least discuss why he discredited the evidence

     The ALJ does not address Mr. Feder's finding that Ms. Huyett's could only work for four hours on day two of the work week.  This finding would obviously impact Ms. Huyett's Functional Capacity Evaluation (FCE).  Contrary to the Commissioner's assertion, the ALJ's opinion does not mention Ms. Huyett's four hour work limitation; therefore, there is no basis to determine if the evidence was actually credited or ignored.  Rather, the ALJ placed great weight on Dr. Anderson's FCE which determined that Ms. Huyett could engage in competitive employment.  However, Dr. Anderson's report is unreliable because he was unaware of and did not consider Mr. Feder's assessment of Ms. Huyett's work limitations.  Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (a vocational expert cannot provide a reliable opinion if the expert is unaware of medically supported and otherwise uncontroverted evidence of record).  Accordingly, the ALJ's FCE determination and denial of benefits goes against clearly established precedent and is not substantially justified.  I will grant the motion for fees. [1]

---

[1] I also note that the ALJ relied on the opinion of Dr. Venier after assuring plaintiff that he would not consider Dr. Venier's report when making his decision.  If the appeal were based on this error alone, I believe the government would be substantially justified in opposing the appeal.  However, in the totality of the circumstances, the ALJ's reversal on this point causes me to question the impartiality and integrity of the process.

### B. Reasonableness of Ms. Huyett's fees

The EAJA permits an award of reasonable attorney's fees and expenses to the prevailing plaintiff in a civil action brought against the United States or any of its agencies. 28 U.S.C. 2412(d)(1)(A). The prevailing party has the burden of proving reasonableness by submitting competent evidence of the hours worked and rates claimed. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and a court should exclude those hours not reasonably expended. Rode, 892 F.2d at 1183. When the government opposes a fee request, it "must generally identify the type of work being challenged, and second, they must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable." Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989). "The district court cannot decrease a fee award based on factors not raised at all by the adverse party." Rode, 892 F.2d at 1183 (citations omitted). "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id. (citing Bell, 884 F.2d at 721).

Ms. Huyett requests $15,984.92 in attorney's fees and $350 in costs. The government does not oppose the plaintiff's requests for costs, nor does the government object to plaintiff's attorneys' hourly rate. Rather, the government contends that the 105 billable hours is excessive for this standard Social Security appeal. Primarily, the

5

government argues that it took Attorney David Crossett an excessive amount of time to brief this case because he is inexperienced in Social Security law. To support its position, the government points out that Ms. Huyett's request greatly exceeds the average EAJA fees awarded in Social Security appeals. While I find this argument unpersuasive, I do agree that certain expenses to initiate the complaint and in office conferences among plaintiff's counsel are unreasonable.

Counsel billed 72 hours to prepare the three briefs in Ms. Huyett's appeal. While the EAJA does not require the government to foot the bill for the hours Mr. Crossett expended to educate himself on Social Security law, I am not convinced that Mr. Crosset's inexperience contributed to the hours expended briefing this case. To be sure, $15,984.92 in fees is high, but the administrative record – at 1185 pages – is very large. Since Mr. Crossett did not argue the case before the ALJ, it was reasonable for him to review the documents in order to prepare a competent brief which satisfied his duty to Ms. Huyett. Considering that this record is considerably larger than the average Social Security appeal, it is not surprising that this appeal required more attorney time than the average case. I cannot say that the number of hours is attributable to Mr. Crosset's admitted inexperience alone. Therefore, the hours billed to brief the case are reasonable.

Furthermore, the length of each filing corroborates the 72 billable hours. Two to three hours per page is a reasonable amount of time to brief a Social Security Appeal. Reph v. Astrue, 10-cv-6757, 2013 WL 359919 (E.D. Pa. Jan. 30, 2013). According to the government's accounting, plaintiff's briefs totaled 35 pages, and the government does not

contend that any of plaintiff's arguments were excessive or frivolous. Therefore, even at two hours a page, plaintiff's claimed fees are reasonable.

Nonetheless, some of counsel's charges appear to be unreasonable. First, Mr. Crossett billed 16.1 hours for preparing, filing and serving the complaint in this matter.[2] Not only is 16.1 hours patently unreasonable for drafting a two page bolierplate complaint, it is also a clerical task which could have been accomplished by a paralegal. To that effect, plaintiff also submits billable paralegal hours totaling $576.00 related to the initiation of the complaint. The paralegal charges more than compensate plaintiff's counsel for these preliminary measures; therefore, I will reduce plaintiff's request by 16.1 hours totaling $1,932.00.

I will also deny fees for five hours billed for in-office conferences between Mr. Crossett and his supervising partner James Smith, Esq.[3] I cannot rely on plaintiff's submission as an accurate representation of the amount of time spent in these conferences, because Mr. Crossett's and Mr. Smith's calculation of the length of these meetings varies greatly.[4] Additionally, many of these meetings occurred after the briefs were filed and the matter was pending before Judge Perkin. As such, I cannot contemplate how these meetings advanced the litigation; rather, it is more likely that this

---

[2] According to the government, counsel expended 22.9 hours on these preliminary measures. However, I find some of these charges to be unrelated to initiating the complaint and are reasonable. In reaching 16.1 hours, I am including line items numbered 3-7, 9-14. Def.'s Resp. to Pl.'s Mot. for Fees, Ex. A (doc. no. 18-1).

[3] The government also attacks several line items for reviewing correspondence and checking the docket for being vague. These explanations are not vague nor are they excessive.

[4] While Mr. Smith billed 1.7 hours for meetings with Mr. Crossett, Mr. Crossett calculated that he spent 3.3 hours in the same meetings.

time was used to educate Mr. Crossett on Social Security appellate procedure. Accordingly, I will reduce plaintiff's request by five hours totaling $886.31.[5]

### IV.     CONCLUSION

Since the ALJ's opinion did not discuss competent and probative evidence, I find that the commissioner's litigation position was not substantially justified. Therefore, I will award plaintiff $13,166.61 in fees and $350.00 in costs. The award represents a reduction of $2,818.31 for 21.1 billable hours expended on drafting and serving the complaint and in-office attorney conferences.

---

[5] I reach 5 hours by deducting the fees from line items 25- 28, 40-43 and 46-49.  Def.'s Resp. to Pl.'s Mot. for Fees, Ex. A (doc. no. 18-1).